JjBROWN, Judge.
Plaintiff, Deborah Ruff, suffered personal injuries and property damage in a two car accident on a residential street in Monroe, Louisiana. The evidence was conflict *254 ing as to which vehicle crossed the center line and caused the accident. The trial court concluded that plaintiff crossed the center line and found for defendants, Jac-qulin Kendrick and her insurer, U.S. Agencies Casualty Insurance Company (“U.S.Agencies”). For the following reasons, we affirm.

Facts

On June 27, 1999, Deborah Ruff was driving her Ford pickup truck eastbound on Kennedy Drive in Monroe. Jacqulin Kendrick was driving her Pontiac westbound on the same street. Kennedy Drive is a short two-lane road running through a residential area.
The two vehicles collided. Testimony regarding the accident conflicted. Ms. Kendrick said that she saw Ms. Ruffs truck turn onto Kennedy Drive at high speed and that the car appeared to be out of control. Ms. Kendrick stated that she pulled to the curb and came to a complete stop and that Ms. Ruffs truck swerved over into the westbound lane and struck her car. Ms. Ruff, however, testified that Ms. Kendrick drifted over into the eastbound lane and struck Ms. Ruffs truck. After the collision, Ms. Ruffs truck proceeded into the westbound lane, crossed that lane and came to rest in a yard on the north side of the roadway. Ms. Kendrick called 911 on her cellular telephone; Ms. Ruff said that Ms. Kendrick refused to speak to her.
Two witnesses appeared at trial who claimed to have been standing outside and to have seen the accident. Both witnesses said that Ms. | ¡¡Kendrick crossed the center line and crashed into Ms. Ruffs truck. Jimmy Marbly, a delivery man, and Felicia Patton, a resident of Kennedy Drive, said that Ms. Kendrick was looking at them instead of watching the road. Ms. Kendrick said that she did not and could not have been looking at Marbly and Ms. Patton because no one was standing outside when the accident occurred.
Monroe Police Department Officer Jeremy Sturdivant responded to the accident. He testified:
I saw the Pontiac (Ms. Kendrick) in the westbound lane of Kennedy all the way to the curb facing westbound at a stop and I saw the pickup truck (Ms. Ruff) on the left side if you’re traveling East on the left side of the roadway in the yard at a rest.
Officer Sturdivant observed collision debris in the westbound lane near the center line. The officer testified that he took statements from the drivers and then attempted to take statements from neighborhood residents but said that “Nobody wanted to give a statement or give their name to me.”
Marbly said that the officer did not ask him for a statement; however, Marbly also said that he did not volunteer to speak with the officer “because I’d be doing like I’m doing now missing work, you know. I try not to get off into that.” Ms. Patton testified that Officer Sturdivant interviewed her about the accident but did not write down what she told him.
Ms. Kendrick was a former Monroe Police Department dispatcher but had left the department before Officer Sturdivant was employed. Ms. Kendrick testified that she knew Sturdivant; however, Stur-divant testified |sthat he did not recognize Ms. Kendrick. Because Ms. Kendrick’s car was disabled by the accident, Sturdi-vant drove her home.
Ms. Ruff testified that Officer Sturdi-vant did not want to hear her version of the accident and said that the officer repeatedly accused her of lying. Sturdivant, who issued a ticket to Ms. Ruff, testified that he did not recall if he had accused Ms. Ruff of lying.
*255 After hearing all of the testimony, the trial judge stated, “there was a great deal of inconsistent testimony and at least parts of virtually every witness’s testimony was somewhat incredible.” The court then stated that the final position of the vehicles, the location of the debris seen by Officer Sturdivant and the damage to both vehicles was more consistent with Ms. Kendrick’s testimony than with Ms. Ruffs account. Accordingly, the court rejected Ms. Ruffs demands and dismissed her lawsuit. Plaintiff now appeals.

Discussion

Plaintiff urges that the trial court erred by rejecting the testimony of independent witnesses and by “reconstructing” the accident itself.
An appellate court may not set aside the trial court’s findings of fact in the absence of manifest error, or unless they are clearly wrong. Stobart v. DOTD, 617 So.2d 880 (La.1993). Rosell v. ESCO, 549 So.2d 840 (La.1989). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the supreme court announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
|42) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. In Stobart, supra, at 882-883, the supreme court explained the application of this test:
[T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. However, where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness’s story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” (Citations omitted).
This court has recognized that “[t]he reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” Canter v. Koehring Co., 283 So.2d 716 (La.1973). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
In this case, plaintiff and defendants presented contradictory versions of the accident. We find that there is a reasonable basis in the record for the trial court’s findings and that those findings are not clearly wrong. The |Rcourt had a diffi *256 cult choice. In making its determination, the court relied upon the scant physical evidence of the accident presented at trial. According to the investigating officer, Ms. Kendrick’s car was next to the curb in her own lane. After the crash, Ms. Ruffs vehicle ended up in a yard across the street from her lane of travel. This was a residential area with a correspondingly low speed limit. Further, the testimony of the investigating officer placed the debris from the crash in Ms. Kendrick’s lane, suggesting that the impact occurred there and not, as Ms. Ruff testified, in Ms. Ruffs lane. We note that everyone agreed that Ms. Ruffs vehicle came to rest across Ms. Kendrick’s lane of travel and in a yard and that no one specifically contradicted Officer Sturdivant’s testimony of where the debris was found.
Under these circumstances, the trial court acted within its discretion to reject the testimony of the independent witnesses, one of whom initially did not come forward because he did not want to miss work. Nor do we find improper the trial court’s consideration of reasonable inferences from the physical evidence. This case, more than most, called upon the trial court to evaluate and weigh the testimony of the witnesses. We will not upset the trial court’s determination on the record before us.

Conclusion

For the above reasons, the judgment of the trial court dismissing the plaintiffs lawsuit is affirmed. Costs of this appeal are assessed to plaintiff, Deborah Ruff.
AFFIRMED.